UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CHRISTOPHER IRVING and ASHLEY IRVING, § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 4:21-cv-01341-O |
| § | |
| MERIDIAN SECURITY INSURANCE COMPANY, § § § | |
| Defendant. § | |

**OPINION & ORDER ON MERIDIAN SECURITY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Defendant Meridian Security Insurance Company's Motion for Summary Judgment (Mot., ECF No. 39) and Brief in Support (Br. in Supp., ECF No. 41), filed September 12, 2022; Plaintiffs' Response (Response, ECF No. 42), filed October 3, 2022; and Defendant's Reply (Reply, ECF No. 44), October 11, 2022. Having considered the parties' briefing and applicable law, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

  **I. BACKGROUND**

This case presents an insurance coverage dispute. The dispute is between Plaintiff homeowners ("the Irvings") and Defendant insurance company ("Meridian") about whether Plaintiffs' roof incurred hail damage and the extent to which Defendant is required to cover the alleged damage and repair, if at all. The Irvings own a home located at 504 Myrtle Court, Keller, Texas ("the Property"). The Irvings purchased a homeowners' insurance policy from Meridian that covers loss resulting from damage to the Property, including hail or windstorm damage to the roof ("the Policy"). Importantly, however, the Policy includes an exemption from coverage for

any damage that is merely "cosmetic" in nature.[1] Under the terms of the Policy, such cosmetic damage includes "marring; pitting; or other superficial damage" that is not "functional" and does not otherwise compromise the water-shedding capabilities of the roof.[2] The Irvings allege that on April 28, 2021, there was a hailstorm that resulted in extensive damage to their Property, such that the damage necessitated replacement of the entire roof system. By contrast, Meridian contends that, while the roof reflects cosmetic damage, no functional damage occurred that requires the repair or replacement of the Irvings' roof. Each party hired multiple engineers to support their respective opinions. Though Meridian issued payment for several thousand dollars in damage to the Property, Plaintiffs claim that the insurance company remains obligated to cover the cost of total roof repair, which is projected to cost several hundred thousand dollars.

Unable to resolve this dispute, the Irvings filed suit in Texas state court on November 15, 2021. Meridian removed to federal court on December 13, 2021 and moved for summary judgment on September 12, 2022. Trial is currently scheduled on the Court's four-week docket beginning January 9, 2023. The parties have briefed the issues and the motion is ripe for review.

## II. LEGAL STANDARD

Defendant is entitled to summary judgment if by the pleadings and evidence it can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

---

[1] *See* Br. in Supp. 2–4, ECF No. 41; Response 2–4, ECF No. 42.
[2] *Ibid.*

2

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.*

The movant must inform the court of the basis for its motion and identify the portions of the record that reveal there are no genuine disputes of material fact. *Celotex*, 477 U.S. at 323. The Court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.* And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250. "[Y]et the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002) (cleaned up). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Id.*

### III.   ANALYSIS

First, Meridian moves for summary judgment on the grounds that Plaintiffs have failed to support their breach of contract claim.[3] Because they cannot show a breach of contract, Meridian contends that Plaintiffs cannot support any of their *extra*-contractual claims—breach of the duty of good faith and fair dealing; violations of the Texas Insurance Code; violations of the Prompt Payment of Claims Act; ambiguity/estoppel; and fraud—and that Meridian is entitled to summary judgment on those as well.[4] Alternatively, Meridian argues that, if anything, Plaintiffs have only

---

[3] Br. in Supp. 1, ECF No. 41.
[4] *Id.*

produced evidence showing the existence of a *bona fide* coverage dispute, which necessarily bars their extra-contractual claims that all involve elements of bad faith, malice, or similar ill-intent.[5] The Court addresses summary judgment with respect to each category of claim in turn.

### A. Meridian is Not Entitled to Summary Judgment on the Breach of Contract Claim

"Under Texas law, an insured bears the burden of proving that a loss is *covered* under the terms of an insurance policy." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004) (emphasis added). "If covered and non-covered perils combine to create a loss, the insured may only recover the amount caused by the covered peril." *Id*. Thus, in insurance disputes, it is a material fact whether a type of loss is or is not "covered" under a particular policy.

Meridian's primary argument is that any damage sustained to the Property's roof is cosmetic in nature, not functional, and therefore not covered under the Policy.[6] For this reason, Meridian argues that the Irvings cannot adequately plead any breach of contract of the insurance agreement.[7] As support for its cosmetic-damage-only argument, Meridian cites to three of its experts' reports which deny the existence of any functional or "structural" hail damage (i.e., damage that does not "prevent the roof surfacing from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cosmetic damage occurred").[8]

In response, Plaintiffs point to contrary evidence indicating that the damage sustained to their roof did result in more than simply cosmetic damage. Specifically, Plaintiffs cite to three of their own experts' reports each explaining "why the damage to the roof at issue is more than cosmetic and . . . that the damage to the roof necessitated the replacement of the roof."[9]

---

[5] *Id.* at 1–2, 13–17.
[6] *Id.* at 10–13.
[7] *Id.* at 10.
[8] *Id.* at 10–12.
[9] Response 3–7, ¶ 12, ECF No. 42.

Given the disparity in evidence produced, the Court does not find that Meridian has carried its burden to show that no genuine issues of material fact exist with respect to Plaintiffs' breach of contract claim. Clearly, the parties dispute the material fact of whether the alleged hail damage is cosmetic or functional in nature and have offered conflicting evidence in support of their respective opinions. Thus, drawing all reasonable inferences in Plaintiffs' favor, the Court **DENIES** Meridian's motion for summary judgment on the claim for breach of contract. Because this claim remains, the prompt payment claim also remains.

**B. Meridian is Partly Entitled to Summary Judgment on the Extra-Contractual Claims**

Because Meridian is not entitled to summary judgment on the breach of contract claim, its argument that all of Plaintiffs' extra-contractual claims are necessarily barred does not apply. Alternatively, Meridian argues that because all Plaintiffs have demonstrated is the existence of a *bona fide* coverage dispute, they cannot properly allege extra-contractual or Insurance Code claims that rest on allegations of bad faith.[10] The Court agrees in part.

*a. Breach of Duty of Good Faith & Fair Dealing*

Insurance companies have a duty to deal fairly and in good faith with an insured in the processing of claims. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). A plaintiff may sue for a breach of this duty if their insurer denies or delays their claim without any reasonable basis for the denial or delay. *Id.* But under Texas law, "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 526 (5th Cir. 2015) (cleaned up). This means that "[a]s long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that reason is later found to be erroneous, the insurer is not liable for the tort of bad

---

[10] *See* Br. in Supp. 13, ECF No. 41.

faith." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997) (internal citations omitted). In other words, a genuine dispute over the scope of insurance coverage is an inherently reasonable basis for denying coverage.

Plaintiffs offer the following record evidence to justify their claims involving elements of bad faith: (1) Meridian's adjuster, Kevin Wren, initially denied Plaintiffs' claim prior to consultation with an engineer; (2) in denying Plaintiffs' claims, Meridian's adjuster relied on an inadequate damage report that lacked any analysis regarding functional damage; and (3) Meridian's adjuster "did not even know of the Galvalume roof coating on the roof that he was investigating for damage . . . [and] admits he did no whatsoever investigation [sic] as to the post-damage longevity of the roof system . . . [and] admits he performed an improper investigation of the damage to Plaintiff's [sic] roof on behalf of [Meridian]."[11]

This evidence, without more, does not show that Meridian knowingly misrepresented material information on which Plaintiffs relied to their detriment.[12] Indeed, drawing all reasonable inferences in Plaintiffs' favor, all that this evidence suggests is that Mr. Wren may have erred in the performance of his investigative role as an adjuster. All the evidence shows is that Mr. Wren may have erroneously—not intentionally—denied Plaintiffs' claim based upon his belief that the damage was not covered by the Policy. It does not, however, evidence bad faith—that is, malicious or wrongful intent to defraud—on the adjuster's or Meridian's part that is required to sustain such a claim. It does not show that Mr. Wren *maliciously* or *intentionally* did not consult with an engineer prior to denying Plaintiffs' claim. It does not show that Mr. Wren *maliciously* or *intentionally* relied on a report that lacked functional damage analysis in order to deny Plaintiffs'

---

[11] Response 7–9, ECF No. 42.
[12] Plaintiffs' allegations, without particular representation of the specific facts demonstrating fraud, is not sufficient. *See* Pls.' Original Petition 3, ECF No. 1-4.

claim. Nor does it show that Mr. Wren *maliciously* or *intentionally* ignored potential damage to the Galvalume roof coating during his inspection. Accepting Plaintiffs' own assertions, Mr. Wren "did not even know" that he should make such an inquiry.[13] Mr. Wren's lack of knowledge, and perhaps even his admitted incompetence, is arguably a reasonable basis for Meridian's decision to deny or delay payment of Plaintiffs' claim. Thus, Plaintiffs' claim of bad faith cannot survive.

Meridian is therefore correct that Plaintiffs have produced evidence demonstrating only the existence of a *bona fide* coverage dispute—that is, a reasonable belief by Meridian that it was not required to cover the alleged roof damage.[14] This evidence does not support Plaintiffs' claims of bad faith required to carry their claim of breach of duty. Accordingly, the Court **GRANTS** Defendant's motion with respect to this claim.

      *b. Violations of the Texas Insurance Code & Deceptive Trade Practices Act*

Texas courts have recognized the close relationship between common law bad faith claims and the statutory bad faith claims found in the Texas Insurance Code. "Although these claims are individual causes of action which do not depend on each other for support, Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas." *Higginbotham*, 103 F.3d at 460 (collecting cases); TEX. INS. CODE § 541.001 *et seq*. Stated otherwise, "[b]ecause the statutory and common law standards are now the same, a finding that there is no common law violation as a matter of law also eliminates the statutory claims alleged by plaintiffs in this case." *Avila v. State Farm Fire & Cas. Co.*, 147 F. Supp. 2d 570, 579 (W.D. Tex. 1999). This means that the *bona fide* dispute rule also applies to

---

[13] Response 8, ECF No. 42.
[14] Br. in Supp. 13–14, ECF No. 41. The Court makes no determination here about whether that is *all* Plaintiffs have shown. *See id.*

bad faith claims based on violations of the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA"). *Higginbotham*, 103 F.3d at 460; TEX. INS. CODE § 541.001 *et seq*.

Therefore, the Court's reasoning with respect to Plaintiffs' claim of breach of the duty of good faith and fair dealing applies to Plaintiffs' statutory claims as well. As discussed, Plaintiffs have not produced any competent summary judgment evidence of Meridian's acting in bad faith.[15] This entitles Meridian to judgment as a matter of law on these claims. Accordingly, Meridian's motion is **GRANTED** as to Plaintiffs' extra-contractual statutory claims, save the prompt payment claim.

    *c. Ambiguous Contract/Estoppel*

Meridian moves for summary judgment on Plaintiffs' claim of ambiguity/estoppel. In Texas, the question of whether a contract is ambiguous is a legal question for the Court. *R&P Enters. V. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518–19 (Tex. 1980). If the Court determines a contract is ambiguous, a factual question regarding its meaning remains for the jury to decide. *See id.*; *Tapatio Springs Builders, Inc. v. Maryland Cas. Ins. Co.*, 82 F. Supp. 2d 633, 640–41 (W.D. Tex. 1999) (citing *Trinity Universal Ins. Co. v. Ponsford Brothers,* 423 S.W.2d 571, 575 (Tex.1968); *Amistad, Inc. v. Frates Communities, Inc.,* 611 S.W.2d 121, 127 (Tex.Civ.App.—Waco 1980, writ ref. n.r.e.)).

But the Court need not decide the question of ambiguity. Although Meridian references Plaintiffs' claim of ambiguity/estoppel in its summary judgment briefing,[16] it offers no discussion about why it is entitled to summary judgment as a matter of law on this claim. The Court cannot

---

[15] See note 12 *supra* and accompanying text.
[16] Br. in Supp. 1, ECF No. 41 ("Meridian is . . . entitled to judgment on the extra-contractual claims – breach of warranties; breach of the duty of good faith and fair dealing; violations of Texas Insurance Code; Prompt Payment of Claims Act; **ambiguity/estoppel**; and fraud – as a matter of law.") (emphasis added). Apart from this sole reference to ambiguity/estoppel, Meridian offers no further discussion of why it is entitled to judgment on this claim. *See also* Reply, ECF No. 44 (providing no discussion of this claim).

grant summary judgment on an issue that is inadequately briefed. Though ambiguity is a legal question for the Court to decide, the Court will not do Meridian's legal analysis for it. Similarly, Meridian has not informed the Court "of the basis for its motion [or] identif[ied] the portions of the record that reveal there are no genuine disputes of material fact" regarding the issue of estoppel *Celotex*, 477 U.S. at 323. Here again, Meridian has offered no discussion regarding estoppel.[17] For these reasons, the Court **DENIES** Meridian's motion for summary judgment with respect to Plaintiffs' claim of ambiguity/estoppel.

### d. Fraud

Meridian moves for summary judgment with respect to Plaintiffs' claims of fraud, alleged under theories at common law and the Texas Business and Commercial Code.[18] Both Plaintiffs' common law and statutory theories of fraud require a showing that Plaintiffs relied on Meridian's intentionally false misrepresentation of a material fact. *Stephanz v. Laird*, 846 S.W.2d 895, 902 (Tex. App.—Houston, 1993); TEX. BUS. & COM. CODE § 27.01. Any such showing must be pleaded with the requisite particularity. *Stephanz*, 846 S.W.2d at 903 ("Fraud is never presumed, and when it is alleged, the facts sustaining it must be clearly shown."). Moreover, applying the summary judgment standard, Plaintiffs must point to evidence in the record beyond "mere allegations in the pleadings" to survive the motion. *Caboni*, 278 F.3d at 451. Plaintiff has not done so here. Indeed, they offer no evidence at all to support their allegation that Meridian knowingly misrepresented a material fact on which the Irvings relied to their detriment.[19] For this reason, and based substantially on the bad faith discussion above, the Court finds that there are no genuine

---

[17] *See generally* Br. in Supp. 1, ECF No. 41; Reply, ECF No. 44.
[18] *Id.* ¶¶ 30–32; Pls.' Original Petition 12, ECF No. 1-4.
[19] *See generally* Pls.' Original Petition 12, ECF No. 1-4; Response, ECF No. 42.

issues of material fact with respect to Plaintiffs' fraud claims. As such, Meridian's motion is **GRANTED** with respect to these claims.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion for Summary Judgement (ECF No. 39) is **GRANTED in part** and **DENIED in part.** The Court **GRANTS** the motion with respect to Plaintiffs' extra-contractual claims of breach of the duty of good faith and fair dealing; of violations of the Texas Insurance Code; of violations of the Deceptive Trade Practices Act; and of fraud. The Court **DENIES** the motion with respect to the breach of contract claim, prompt payment claim, and the claim of ambiguity/estoppel.

**SO ORDERED** on this **23rd day** of **December, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**